LEVIN et al. v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term.  February 8, 1912.)

1. JUDGMENT (§ 563*)—MERGER AND BAR—JUDGMENT ON MERITS.

Defendant moved to dismiss the complaint for failure of proof at the close of the case, and decision was reserved, whereupon it rested, when plaintiff moved for a judgment upon the record, and decision was again reserved.  The judgment record recited: "Judgment for the defendant after trial."  *Held*, that the judgment was not one of nonsuit, but on the merits.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1008, 1010, 1014; Dec. Dig. § 563.*]

2. EXPLOSIVES (§ 8*)—GAS TANK—NUISANCE.

Defendant railroad company's yards were about 150 feet from plaintiffs' store, surrounded by residence or business buildings, and in the yards, which included tracks with electric rails, was a tank containing combustible gas, which would explode, if brought in contact with fire or sparks.  The tank exploded, causing stones, etc., to be thrown against plaintiffs' windows, and otherwise damaging their business.  *Held*, that defendant was liable, regardless of negligence; the tank being a nuisance, which defendant maintained at its risk.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. §§ 4, 5; Dec. Dig. § 8.*]

3. EXPLOSIVES (§ 8*)—GAS TANK—RES IPSA LOQUITUR.

The mere fact that the explosion occurred raises a presumption of negligence by defendant, under the res ipsa loquitur doctrine.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. §§ 4, 5; Dec. Dig. § 8.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Morris Levin and another, copartners doing business as Morris Levin & Sons (amended from Julius Levin), against the New York Central & Hudson River Railroad Company.  From a judgment for defendant, plaintiffs appeal.  Reversed, and new trial granted.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

B. Elliot Burstein, for appellants.

Alexander S. Lyman (William Mann, of counsel), for respondent.

HOTCHKISS, J.  The action is for damages sustained from an explosion at the New York City terminus of the defendant, known as the "Grand Central Yards," on December 19, 1910.  The substantial facts proved, including the allegations admitted by the pleadings, were as follows:

Defendant maintained its yards, including tracks with electric rails, about 150 feet from plaintiffs' store.  In the yards was a tank containing combustible gas, that would explode if in contact with fire or sparks.  The yards are in the very heart of the city, and are surrounded by buildings occupied as dwellings or for business purposes.  An explosion occurred in the yards on December 19, 1910, causing stones and other substances to be thrown against the windows of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiffs' store, and the concussion of the explosion shattered the windows of the store, and glassware contained therein, to the plaintiffs' damage in a substantial amount. The respondent contends that no proof was offered of the cause or of the circumstances prior to and attending the explosion. Such evidence of cause is in fact lacking; but it must be taken as proved that the explosion occurred in the tank containing the combustible gas, because there is testimony from which such fact may be inferred, and on the trial the defendant seems to have acquiesced in the claim that the explosion had its origin in the tank.

[1] At the close of the case, defendant moved to dismiss the complaint for failure of proof, and decision was reserved, whereupon defendant rested. Thereupon plaintiff moved for judgment upon the record, and the court again reserved its decision. The record of the judgment reads as follows: "Judgment for the defendant after trial." I assume, therefore, that the judgment was not one of nonsuit merely, but on the merits. Neuberger v. Keim, 134 N. Y. 35, 31 N. E. 268.

[2, 3] The appellants base their right to recover on two grounds: (1) That the tank was a nuisance, for the damages resulting from which defendant was liable, regardless of negligence; and (2) the fact that the explosion occurred raises a presumption of negligence, under the res ipsa loquitur doctrine. Although the record is exceedingly meager as to the circumstances of the explosion, I think there was sufficient, as to the first ground, to bring the case within Heeg v. Licht, 80 N. Y. 579, 36 Am. Rep. 654, and that as to the second ground Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630, is controlling. If I am correct in these views, the judgment was against the weight of evidence, and should be reversed.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.