## Kentucky Glycerine Co. v. Commonwealth.

(Decided September 14, 1920.)

### Appeal from Wayne Circuit Court.

1. Nuisance—Nature of Nuisance.—A common or public nuisance, which is a misdemeanor at common law, "is a condition of things which is prejudicial to the health, comfort, safety, property, sense of decency, or morals of the citizens at large, resulting either (a) from an act not warranted by law, or (b) from neglect of a duty imposed by law."

2. Nuisance—Nitroglycerine on Public Highway.—Nitroglycerine, however necessary its manufacture and use, being a dangerous substance per se, because of its great destructive force and power as an explosive and the exceptional ease with which it may be caused to explode, must be handled with such care as would be commensurate with the danger attending its use. Therefore, the leaving of loads of nitroglycerine by the owner or his agents in a wagon or wagons on or beside a public highway in a populous community for hours at a time, day or night, without anyone guarding it, or the use of signals or other means to warn the public of its presence, and the danger of an explosion from collision with or jarring of the wagon, will constitute a nuisance in the meaning of the common law.

3. Nuisance—Nitroglycerine—Sufficiency of Indictment.—As the indictment in this case sets forth in substantial conformity to the requirements of the criminal code, such acts on the part of appellant in handling nitroglycerine as constitute the maintaining of a public nuisance as defined by the common law, the action of the trial court in overruling its demurrer to the indictment was not error.

4. Criminal Law—Evidence.—Evidence examined and held sufficient to sustain the verdict and judgment.

BENTON & DAVIS and BERTRAM & BERTRAM for appellant.

CHARLES I. DAWSON, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of conviction, entered in the Wayne circuit court upon a verdict finding the appellant corporation guilty of maintaining a common nuisance, and fixing its punishment at a fine of $200.00. The prosecution was under an indictment charging that offense.

The grounds filed in support of its motion for a new trial made in the court below, are relied on by appellant for the reversal of the judgment asked of this court, viz: (1) Error of the trial court in overruling the appellant's demurrer to the indictment; (2) that the verdict is unsupported by and contrary to the evidence; (3) error of the trial court in instructing the jury. Regarding the first of these grounds it appears from the allegations of the indictment that the appellant in Wayne county and within a year before the finding of the indictment, then engaged in the conduct of its business of manufacturing and selling nitroglycerine, "a highly explosive and dangerous agency, in conveying and transporting same over and through said county did unlawfully, at all times and continuously leave large quantities of said nitroglycerine, highly explosive and easily ignited by friction or jar, in and upon the public road near the home of H. Bates and in a thickly populated community where people and vehicles frequently passed; and this without danger signals or any person in charge of same, and without any precautions being taken to safeguard the community or persons living in the vicinity or passing said place where same was so left and stored, to the terror, alarm and great danger and to the common public nuisance of the citizens of the Commonwealth in the neighborhood residing, being and having the right to reside and be, contrary to law and against the peace and dignity of the Commonwealth of Kentucky." The facts thus alleged define and constitute a misdemeanor, declared by the common law a "common nuisance," for the creating or maintaining of which it provides a penalty against the offender consisting of a fine in any amount or imprisonment in jail any length of time, or both such fine and imprisonment, in the discretion of the jury. As the common law defining and denouncing this offense has not been abrogated or changed by any statute of this state, it is still

in force therein and the offense punishable according to its provisions.

Of the many definitions of the offense given by writers on criminal law, no better one can be found than the following contained in "Clark's Criminal Law," p. 398: "A common or public nuisance, which is a misdemeanor at common law, is a condition of things which is prejudicial to the health, comfort, safety, property, sense of decency, or morals of the citizens at large, resulting either (a) from an act not warranted by law, or (b) from neglect of a duty imposed by law." Nitroglycerine, however necessary its manufacture and use, being *per se* a dangerous substance, because of its great destructive force and power as an explosive and the exceptional ease with which it may be caused to explode, must be handled with such care as would be commensurate with such danger; and while to make the owner liable in a civil action for an injury resulting from its explosion, proof of negligence should be made, where, as in this case, the act complained of is not the occurrence of an explosion or a resulting injury, but the unlawful storing or continuous placing of the explosive by the owner in a manner and in a locality which made its presence dangerous to the lives and property of the surrounding residents, if the facts alleged in the indictment were established by the evidence, appellant's conviction was authorized, as such continued storing or placing of the explosive in a thickly populated community in the manner charged being a menace to life and property constitutes a nuisance *per se;* and this would even be true if the nitroglycerine had been repeatedly left unguarded by appellant in a wagon in a public road on its own premises traveled by others of a populous community. Southern Ry. Co. v. Adkins, 133 Ky. 264; Fort Worth and O. C. Ry. Co. v. Beauchamp, 95 Texas 496, 2 R. C. Law, sec. 25; People's Gas Co. v. Lyner, 131 Ind. 277. Considered as a whole, the indictment sets forth in substantially correct form and in conformity to the requirements of the Criminal Code, the acts constituting the common law offense charged; hence the demurrer to the indictment was properly overruled by the trial court.

Appellant's complaint that the verdict is unsupported by the evidence is refuted by the evidence itself contained in the bill of exceptions, which was to the effect that appellant is engaged in the manufacture, in Wayne county, of nitroglycerine for use in exploding oil wells

where crude oil production obtains; the principal market for the explosive at the time of and prior to the finding of the indictment was in the oil fields of Allen and Warren counties, to which it was hauled by appellant from Frazer in Wayne county over the usual highways of travel in wagons having painted on them the appellant's corporate title "Kentucky Glycerine Company." To lessen the danger of explosion of the nitroglycerine while transporting it, the wagons were provided with specially constructed springs, also padded boxes in which the nitroglycerine, after being placed in cans, was deposited. So highly explosive is the nitroglycerine that a little of it left adhering to a can after it has supposedly been emptied, has been known to explode with dangerous force and effect, and with the cans filled to their capacity an explosion of a wagon load of the nitroglycerine in a populous neighborhood would inevitably prove disastrous in the extreme both to life and property. It further appears from the evidence that appellant's wagons or at least one of them, used in its business of transporting nitroglycerine, were repeatedly left both day and night for hours at a time and often all night, covering a period of more than a month within a year of and down to the finding of the indictment, in or upon the side of the public road leading into the town of Monticello, the county seat of Wayne county, in a thickly populated neighborhood immediately contiguous to its corporate boundary; and when so placed and permitted to remain the wagon was oftener than not loaded with nitroglycerine and invariably left without any one guarding it and without signals in the form of placards by day, lights by night, or other precautions, to warn residents of the vicinity and travellers of the highway of the explosive nature of the nitroglycerine, or remnants thereof, in the wagon and of the danger attending its presence in such a locality, where a collision from a passing vehicle or person with it, might be sufficient to produce such a jar as would cause an explosion of its contents.

The above evidence is uncontradicted, and must be taken as true. Manifestly, it establishes appellant's guilt of creating and maintaining a nuisance that menaced the safety of Bates, near whose home it existed, that of other nearby residents and of all persons traveling the highways at that point. In view of this evidence, no reason is perceived for the appellant's con-

tention that the verdict was unauthorized. In our opinion any other verdict than that returned would have been without support from the evidence; hence, the refusal of the trial court to direct a verdict for appellant was not error.

Appellant's complaint of instruction 1 given by the trial court is also untenable. It is insisted that the court erroneously assumed in this instruction that the acts charged in the indictment as constituting the offense endangered the lives and property of residents in the vicinity where appellant's wagons loaded with nitroglycerine were placed. The instruction does in effect declare nitroglycerine a dangerous explosive, and this assumption was authorized by the evidence, but it left it to the jury to determine whether the lives and property of persons in the vicinity where it was left were subjected to danger from its presence; telling them in substantially correct terms that if they believed from the evidence beyond a reasonable doubt that appellant's servants left its wagon containing deposits of nitroglycerine in sufficient quantities to be dangerous as an explosive in or near Monticello and same was likely to explode, thereby endangering life and property, they should find it guilty. This with the further usual instruction as to reasonable doubt seems to have fairly advised the jury of the law of the case.

As in our opinion the record shows no prejudicial error occurring on the trial in the court below, the judgment is affirmed.