[Civ. No. 6241.   Third Appellate District.—January 9, 1940.]

LEO DUNLAVY, Appellant, v. H. C. NEAD et al., Respondents.

Gumpert & Mazzera and J. Calvert Snyder for Appellant.

Rowan Hardin for Respondents.

TUTTLE, J.—This action was brought to recover damages for personal injuries arising out of alleged negligence of respondents. Upon a trial before the court, judgment was rendered for respondents, and appellant now appeals from such judgment.

Respondent Nead conducts a machine shop in the city of Sonora. This shop consists of the building where work is performed. At the rear of such building there is a door which opens into an area where respondent deposited junk from his shop, including scrap iron, bolts and nuts of various sizes. On the date of the accident appellant went to said shop for the purpose of having certain holes cut in a metal plate so that an engine could be bolted to it, using it as a foundation. While the foreman of respondent Nead (defendant Tweed), was working on the plate in the shop building, appellant, without being directed to do so, and of his own volition, went out the rear door mentioned above,

got a nut from the junk pile outside, and started to enter the door. Just at that time a can of gasoline within the building caught fire, another employee of respondent Nead (defendant Valenzuala), put this flaming can out the rear door. Some of the flames enveloped appellant as he was about to enter the door, and burned his legs. It is alleged in the complaint that the injuries inflicted were permanent.

It is contended by appellant that there is no evidence to support the finding to the effect that respondents were free from negligence. In other words, he contends that the evidence adduced is reasonably susceptible of *one* construction only—that respondents were negligent. In the case of *Vaughn* v. *Bixby*, 24 Cal. App. 641–643 [142 Pac. 100], it is said:

"Even if there be no conflict in the evidence, nevertheless, if the inferences fairly deducible therefrom are such that different conclusions might rationally be drawn therefrom by men equally sensible and impartial, the conclusion reached by the jury should be deemed final and not disturbed on appeal for want of sufficient evidence to justify the verdict. (*Herbert* v. *Southern Pacific Co.*, 121 Cal. 227 [53 Pac. 651]; *Hoff* v. *Los Angeles Pacific Co.*, 158 Cal. 596 [112 Pac. 53].)"

Appellant states that the doctrine of *res ipsa loquitur* applies to the case, and relies upon the rule laid down in *Sistrunk* v. *Texas Holding Co.*, 88 Cal. App. 698 [264 Pac. 259]:

"The effect of the doctrine when applied to this case is that proof of the injuries to the plaintiff, provided such injuries are shown to have been caused through the explosion or ignition upon the defendant's property of crude petroleum located thereon, which property and which petroleum were under the exclusive management and control of the defendant, created a *prima facie* case or presumption of negligence on the part of the defendant which it is called upon to meet or rebut. This presumption that the injury or damage was caused by the negligence of the defendant is itself a fact which the jury must consider in determining its verdict, and in the absence of contributory negligence necessitates a verdict in favor of the plaintiff."

We are of the opinion that the rule laid down in the foregoing case is not applicable to the situation here, for the reason that the ignition of the gasoline was not the proximate cause of the injury. "To constitute proximate cause creat-

ing liability for negligence, the injury must have been the natural and probable consequence of the negligent act. It is the cause which, unbroken by any intervening, independent agency, naturally produces a given result." (45 C. J., p. 911, par. 482.) Additional facts relating to the ignition of the gasoline are as follows: Just prior to the fire, one of the employees of respondent Nead (defendant Valenzuala), was cleaning an engine with gasoline, a can of which was held in one of his hands. In the same shop another employee (defendant Tweed), was working upon appellant's order, and using an acetylene torch. The can of gasoline suddenly burst into flame, and the man who was holding the burning can in his hand went to the rear door and "put" the can outside the door. At that moment appellant started to enter the door, and the flames ignited his clothing. Defendant Tweed, who was working with the acetylene torch, testified that in his opinion the fire was caused by the torch, but there is no direct evidence of the cause of the ignition of the gasoline. If appellant had been standing inside the shop and was burned by the sudden fire, the doctrine of *res ipsa loquitur* could be invoked, following the Sistrunk case, *supra*, and the case of *Faras* v. *Lower California Dev. Co.*, 27 Cal. App. 688 [151 Pac. 35]. But this doctrine cannot be invoked as a rule of evidence in a case where the alleged act of negligence was not the proximate cause of the injury, and where there was an independent intervening agency—in this case, the act of the employee in setting the flaming fluid in the doorway. No injury would have resulted if such agency had not intervened. The proximate cause of the injury was *not* the ignition of the gasoline, but the act of the employee, as indicated.

As the doctrine mentioned is not available to appellant under such facts, it becomes necessary to consider whether or not the record is such that only one conclusion could be reasonably drawn therefrom—that respondents were negligent. The facts must be examined and construed in the light of the rule that "such finding is not to be overthrown on appeal unless it is very plain to the appellate court that the conclusion reached cannot be supported on any rational view of the testimony". (*Lewis* v. *Lewis*, 167 Cal. 732 [141 Pac. 367, 52 L. R. A. (N. S.) 675].) If the evidence showed that defendant Valenzuala, who set the burning can in the

doorway, *knew* that appellant was about to enter there, the position of appellant might be sustained. The record does not show such knowledge. ■ The area reached by the doorway in the rear of the shop was not a part of the shop, and not a place where customers would ordinarily be found. It appears that appellant and an employee, a short time prior to the fire, had passed through the door to the junk pile mentioned, and that when appellant went out the last time, defendant Valenzuala testified: "I didn't pay attention if he (appellant) go out the door or not. I just see him go by." We believe that the trial court could reasonably conclude that the last-mentioned employee did not know that appellant had gone out the rear door, and necessarily it would follow that he did not know that appellant would be returning through the door when the can of burning gasoline was put just outside the doorway. The trial court could properly conclude that such employee acted in a prudent manner, and as a person of ordinary discretion would act. We are of the opinion that the trial court could reasonably infer, from the evidence, that such employee had no reason to believe that appellant was about to enter the doorway in question when the flaming can was placed there, and that there is sufficient evidence to support the finding in question.

It is unnecessary to discuss the question as to the status of appellant, and the contention of respondents that appellant was a mere licensee, and, as such, respondents owed him no duty except not to wilfully or wantonly injure him.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 8, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 8, 1940, and the following opinion then rendered thereon:

THE COURT.—In denying appellant's petition for a hearing by this court in this case, we withhold our approval from that portion of the opinion of the District Court of Appeal, holding to the effect that actual knowledge on the part of

defendant's employee of plaintiff's presence was necessary to establish liability of the defendants for plaintiff's injury, as the test is not only whether the defendant engaged in the commission of the negligent act knew of, but also whether he had reason to expect, the presence of the person injured within the range of his negligent acts. (*Hamakawa* v. *Crescent Wharf etc. Co.*, 4 Cal. (2d) 499, 50 Pac. (2d) 803.)