**Troy VANDIVER et al., Appellants,**

v.

**Carl WILSON, Appellee.**

Court of Appeals of Kentucky.

May, 9, 1969.

As Modified Oct. 31, 1969.

------

W. H. Counts, O. F. Duval, Counts & Duval, Olive Hill, for appellants.

H. David Hermansdorfer, Diederich, Hermansdorfer & Wilson, Ashland, for appellee.

CLAY, Commissioner.

This case presents the very narrow question of whether the doctrine of res ipsa loquitur properly should be applied when damage is caused by the explosion of dynamite in a storage magazine maintained by the defendant. The trial judge initially submitted this case to the jury, which returned a verdict of $5,000 for appellant plaintiffs, but upon reconsideration of the question on a motion for judgment notwithstanding the verdict, he set aside the verdict and dismissed the complaint.

The record presents the barest set of facts, but the essential ones on the issue before us are not in dispute. Plaintiffs, with their family, lived in a trailer near a building where defendant maintained a magazine in which dynamite was stored. Early one morning this magazine exploded and destroyed plaintiffs' trailer and other personal property. There was no proof of the construction details of the magazine or the amount of dynamite stored, or the propensities of dynamite to explode, or any other details relating to the occurrence. There was no proof of any specific negligent act on the part of defendant. We construe defendant's admission that he "maintained the dynamite magazine" as admitting it was within his exclusive control and his brief on the law assumes that fact. Defendant introduced no proof on the issue of liability.

Our question is whether or not the plaintiffs made a prima facie case of negligence on the part of the defendant warranting submission of that issue to a jury by proving three facts: (1) the storage of dynamite by the defendant in a magazine under his control, (2) the explosion of the magazine and (3) property damage directly caused thereby. Unless those facts fairly raised an inference of negligence, plaintiffs had no case.

Plaintiffs contend that the occurrence was similar to that found in our blasting cases and that no negligence need be proved. See Valley Stone Company v. Binion, Ky., 422 S.W.2d 889. The blasting cases are in a different category for the reason that the explosions were *intentionally* detonated by the defendant. Not so here. The rule appears to be that one who stores explosives is not liable for damages caused by an accidental explosion unless he is negligent, assuming the storage does not constitute a public nuisance.[1] Southern Ry Co. v. Adkins' Adm'r., 133 Ky. 219, 117 S.W. 321, 35 C.J.S. Explosives § 5, page 257.

The defendant takes the position that it was incumbent on the plaintiffs to show additional circumstances surrounding the storage and handling of the dynamite which might give rise to a clear inference of negligence on his part. Apparently the trial court took this view in finding that

1. Determining the basis of liability on the issue of whether or not an operation is a public nuisance is difficult indeed, if logically possible, but we need not go into this nuisance question here. Cf. Kentucky Glycerine Co. v. Commonwealth, 188 Ky. 820, 224 S.W. 360, 11 A.L.R. 715.

the mere storage of dynamite would not within itself raise an inference of negligence. We think this conclusion somewhat misses the point. No one contends that the storage of dynamite constitutes negligence. The question is whether *the explosion* of stored dynamite raises a fair inference that defendant failed to exercise due care to safeguard others from exposure to injury. It has been recognized that dynamite is inherently dangerous and that the owner of such a commodity is required to exercise the highest degree of care to keep it in close custody to prevent its doing mischief. Fourseam Coal Corporation v. Hatfield, 279 Ky. 132, 130 S.W.2d 73.

The doctrine of res ipsa loquitur "simply recognizes that as a matter of common knowledge and experience the very nature of an occurrence may justify an inference of negligence on the part of the person who controls the instrumentality causing the injury". Bell & Koch, Inc. v. Stanley, Ky., 375 S.W.2d 696. The inference is based on circumstantial evidence and the legal effect of such evidence depends on the degree of probability reflected by it. Lee v. Tucker, Ky., 365 S.W.2d 849. See also Droppelman v. Willingham, 293 Ky. 614, 169 S.W.2d 811, and Kentucky Home Mutual Life Insurance Co. v. Wise, Ky., 364 S.W.2d 338.

The trial judge observed that dynamite, even though having a dangerous potentiality, should not be placed in a different category from other instrumentalities under the res ipsa loquitur doctrine. Even so, the dangerous nature of this substance and the extreme risk of serious injury to others if not handled properly tend to confirm the probability that someone did not exercise due care when there was an unexplained explosion. The doctrine was applied in Pope v. Edward M. Rude Carrier Corp., 138 W.Va. 218, 75 S.E.2d 584, where a truck loaded with dynamite exploded on the highway, causing the plaintiff personal injuries. The opinion states (page 592):

"* * * the motor vehicle or truck while transporting the fourteen tons of dynamite which exploded was under their exclusive control and management; and the dynamite, though dangerous when misused or improperly handled, was an instrumentality which in the ordinary course of events would not cause injury if those in control exercised reasonable care in its control and management. If dynamite is properly loaded and, while in transit, is handled with due care, an explosion such as that alleged in the second count of the declaration does not ordinarily occur. The doctrine of res ipsa loquitur applies when dynamite, transported in a motor vehicle upon a public highway by a licensed contract carrier as the agent of a manufacturer and shipper, explodes while in their exclusive control and management and causes injury and the explosion is such as does not ordinarily occur if those in control of the dynamite exercise due care."

It was held that the occurrence itself was sufficient to support plaintiffs' general allegation of negligence without showing other circumstances. See also Selby v. Osage Torpedo Company, 112 Okl. 303, 241 P. 130, 44 A.L.R. 120. On the question before us, there is no significant distinction between the stationary and the mobile storage of dynamite.

In Levin v. New York Cent. & H. R. R. Co., Sup., 133 N.Y.S. 467, a tank of combustible gas on defendant's premises exploded and damaged plaintiff's building on adjoining property. It was held that, without the showing of other circumstances, the plaintiff was entitled to judgment on the res ipsa theory. The doctrine was likewise applied in Sistrunk v. Texas Holding Co., 88 Cal.App. 698, 264 P. 259, where oil tanks on defendant's property exploded.

In our opinion an unexpected explosion of stored dynamite is the kind of occurrence which in itself justifies the

drawing of a reasonable inference of negligence on the part of one who has control of such substance. The doctrine here invoked does not impose absolute liability. The defendant may satisfactorily explain the occurrence.[2] Our holding is simply that plaintiffs' proof was sufficient to raise an issue of negligence submissible to a jury. See Commonwealth, Dept. of Highways v. Burchett, Ky., 419 S.W.2d 577. The instructions given by the trial judge adequately presented it. We believe he erroneously set aside the verdict and dismissed the plaintiffs' claim.

Pursuant to CR 50.03, when the trial court sustained defendant's motion for judgment notwithstanding the verdict it also conditionally sustained defendant's motion for a new trial. We are reversing the former ruling but the second ruling should stand unless we have some reason to direct otherwise. CR 50.03. Plaintiffs' brief fails to demonstrate in what respect the trial court abused its discretion in conditionally granting a new trial, and we accept that determination.

The judgment is reversed, with directions to grant defendant a new trial consistent with the trial court's ruling thereon and consistent with this opinion.

All concur.

2. Since the defendant in this case introduced no proof concerning the cause of the explosion, we are not confronted with the question of whether his evidence was of such character as to overcome, as a matter of law, the inference of negligence permissible under the plaintiffs' proof. See Lee v. Tucker, Ky., 365 S.W.2d 849.