[No. 11120.   Department Two. — May 19, 1888.]

SILAS B. EMERSON, APPELLANT, v. JOHN BERGIN ET AL., RESPONDENTS.

EASEMENT — PLEADING — WRITTEN AGREEMENT. — In pleading an easement claimed to have been created by an agreement between the parties, it is not necessary to allege that the agreement was in writing.

APPEAL from a judgment of the Superior Court of Santa Clara County, from an order dissolving an injunction, and from an order refusing a new trial.

The facts are stated in the opinion.

*G. A. Heinlen*, for Appellant.

It is not necessary to allege that the agreement under which the plaintiff built the water-works was in writing. (*Tucker* v. *Edwards*, 7 Col. 209; Gould's Pleadings, sec. 43; *Marshall* v. *Livermore Water Co.*, 4 West Coast Rep. 631; *Vassault* v. *Edwards*, 43 Cal. 458; *Wakefield* v. *Greenhood*, 29 Cal. 598; *Hayt* v. *Hunt*, 10 Col. 278.)

*S. O. Houghton*, and *D. M. Delmas*, for Respondents.

The matter stricken out did not state facts sufficient to constitute a cause of action. (*Green* v. *Palmer*, 15 Cal. 414; 76 Am. Dec. 492.) There was no allegation that

the easement claimed by plaintiff was acquired by grant or by adverse user. (*Duinneen* v. *Rich*, 22 Wis. 550; *Cook* v. *Pridgen*, 45 Ga. 331; 12 Am. Rep. 582; *Adams* v. *Andrews*, 15 Q. B. 284; Washburn on Real Property, sec. 552; *Miller* v. *Garlock*, 8 Barb. 153; *Parker* v. *Foote*, 19 Wend. 313.) The privilege which plaintiff alleges he was deprived of by defendants was enjoyed by him with the consent of defendants, which they had revoked, as they had the right. (*Cronkhite* v. *Cronkhite*, 94 N. Y. 323; *Johnson* v. *Skillman*, 29 Minn. 95; 43 Am. Rep. 192; *Wiseman* v. *Lucksinger*, 84 N. Y. 31; 38 Am. Rep. 479.)

BELCHER, C. C.—The court below, on motion of defendants' attorney, struck out a part of the complaint. The defendants then answered, and upon the issues raised by them the case was tried and judgment entered in their favor. The plaintiff appealed, and in support of his appeal insists that the court erred in striking out a portion of his complaint.

The action was brought to obtain an injunction restraining defendants from diverting from the land of plaintiff the waters of a small stream called Arroyo Permanente, and for damages.

The complaint alleged that for more than twenty years plaintiff had owned and occupied a farm in Santa Clara County, containing about eleven hundred acres, through which a running stream of water, called Arroyo Permanente, had its natural course or bed; that plaintiff had kept a large number of cattle, horses, and sheep on his farm, and had obtained water for them and for domestic purposes at his house from the stream referred to until the waters thereof were diverted by defendants; that in 1865 one Robert McKubin owned and occupied a tract of land bordering on the Arroyo Permanente above the plaintiff's farm, and that in that year plaintiff and McKubin jointly constructed a wooden flume from a point on the stream above the latter's land to a point

selected by him on his land, and through and by means
of this flume they diverted and appropriated so much of
the water of the stream as would flow through the same;
that at the time of constructing the flume it was under-
stood and expressly agreed by and between the parties
that the water so appropriated, diverted, and conveyed
through the flume should be equally used by them upon
their respective tracts of land, and the flume was con-
structed and the water diverted through the same under
and with this understanding and agreement; that at the
time of constructing the flume plaintiff, with the consent
of McKubin and by agreement with him, constructed a
tank at the foot of the flume into which the waters flow-
ing through the same were discharged, and also laid a
pipe, connecting with the tank, across a portion of Mc-
Kubin's land and his own, to his buildings, through
which pipe he drew from the tank his moiety of the
water conveyed through the flume; and at the same time
McKubin laid down a pipe of the same capacity, leading
to the buildings on his land, through which he also
diverted and conveyed to its place of use his moiety of
the water, and that so long as McKubin continued to
own and occupy his tract of land he and plaintiff con-
tinued to equally divide and use the water conveyed
through the flume, upon their respective tracts of land;
that afterwards, about the year 1873, and while the flume,
tank, and pipes were so laid and in use, the defendant,
Francesco Bergin, then Francesco Price, became the
owner of the McKubin tract of land, and succeeded to
all his rights therein, and ever since has been and still
is the owner thereof; that in the year 1876 defend-
ant Francesco and plaintiff constructed a new flume in
place of the one originally built, and through this new
flume continued to divert and convey water from the
Arroyo Permanente, and to use the same, dividing it
equally, on the lands owned by them respectively; that
shortly after the construction of this new flume defend-

ants intermarried, and have ever since been and are now husband and wife; that in the year 1879 plaintiff, with the knowledge and consent of defendants, at large expense, laid down and substituted for the wooden pipe, through which he had previously drawn his proportion of the water brought through the flume, a cement pipe of the same capacity, through which he continued to convey to his buildings his proportion of the water, until the same was disconnected by defendants; that in the year 1881 plaintiff, at his own expense and with the knowledge and consent of defendants, substituted for the wooden flume three pipes, through which plaintiff and defendants continued to divert and convey the water of the Arroyo Permanente, for use on their respective lands, until some time in the fall of the year 1882, when defendants broke and destroyed the connection of the cement pipe through which plaintiff took water from the tank, as aforesaid, and they thus prevented and have ever since continued to prevent plaintiff from conveying any water from the tank to his land and the buildings thereon.

It is then further alleged that defendants have built a dam across the stream on the land of defendant Francesco, and have placed in position a hydraulic ram below the dam, and by means thereof they force water from the creek through a pipe upon the land of defendant and use the same for irrigation and other purposes; that by means of the dam and ram they divert and cause to be absorbed so much of the water of the stream that the same has ceased to flow to and upon the land of plaintiff, and threaten and will continue so to do unless restrained, and that plaintiff has sustained damages in the sum of five thousand five hundred dollars.

The part of the complaint stricken out was that commencing with the averments about the construction of the flume and pipes by plaintiff and McKubin in 1865, and ending with the disconnecting of plaintiff's cement

pipe and stopping the flow of water through the same by defendants in 1882.

The respondents justify the action of the court upon the ground that the part stricken out showed only a parol license, which was subject to be and was revoked by them. The appellant, on the other hand, insists that under his averments he could have proved that he had acquired an easement over respondents' land which was not subject to their revocation.

A license in respect to real estate is defined to be: "An authority to do a particular act, or series of acts, on another's land without possessing any estate therein." (1 Washburn on Real Property, 398, side page, and authorities cited.) And the general rule is, that a mere license may be revoked at any time at the pleasure of the licensor. (*Potter* v. *Mercer*, 53 Cal. 667; *Cronkhite* v. *Cronkhite*, 94 N. Y. 323; *Wiseman* v. *Lucksinger*, 84 N. Y. 31; 38 Am. Rep. 479.)

"An easement is said to be a permanent interest in another's land, with a right at all times to enter and enjoy it, and must therefore be founded upon a grant by deed or writing, or upon prescription." (2 Hilliard on Real Property, 3d ed., 5; 1 Washburn on Real Property, 398.)

And the owner of an easement has the right at all reasonable times to enter on the servient premises and make any necessary repairs. (2 Wait's Actions and Defenses, 743, and cases cited.)

It will be observed that according to plaintiff's averments, the flume, tank, and pipes were constructed, and the water was diverted and distributed under and in accordance with an agreement made between plaintiff and McKubin, but whether that agreement was in writing or not, so as to take the case out of the statute of frauds, does not appear.

It is settled law that where one has agreed to sell a piece of real property, and an action is brought to en-

force the agreement, the plaintiff is not required to allege that the agreement was in writing. "The averment that the agreement was made is sufficient, without alleging that it was reduced to writing and signed; but if the statute requires the agreement to be in writing, the party alleging the agreement must, if the allegation be denied, prove it by the production of the writing, or other competent evidence." (*Vassault* v. *Edwards*, 43 Cal. 458; *Coles* v. *Bowne*, 10 Paige, 526; *Champlin* v. *Parish*, 11 Paige, 405; *Hayt* v. *Hunt*, 10 Col. 278.)

Now, if this be the rule where one agrees to transfer to another his whole interest in real property, why should it not be the rule when he agrees only to transfer some smaller interest or create an easement? We are unable to perceive any distinction between the two supposed cases.

We think the complaint was sufficient, and under it the plaintiff should have been permitted to prove, if he could, that he acquired an easement to conduct water across defendants' land to his own land which is still a subsisting right.

The court erred in striking out a part of the complaint, and for this error the judgment and order should be reversed, and the cause remanded for a new trial.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded for a new trial.

Hearing in Bank denied.