[L. A. No. 9539. Department One.—February 14, 1929.]

RAY ALLRED, Administrator, etc., Respondent, v. JOHN
G. ORTH et al., Appellants.

Haas & Dunnigan and H. E. Forster for Appellants.

Thos. L. Clay for Respondent.

SEAWELL, J.—On February 15, 1924, the appellants, John G. Orth and Mary Paul, were engaged in conducting a hotel and rooming-house in the city of Los Angeles, consisting of 248 rooms. On February 15, 1924, at about the hour of 7 o'clock P. M., respondent, evidently a man past middle life, upon the invitation of a guest of said hotel and rooming-house, called upon said guest upon a matter of business. Respondent had never before been upon said premises, and upon arriving at said hotel and rooming-house he informed

the clerk at the desk that he had come to call upon said guest and the clerk thereupon requested a bystander to conduct respondent to said guest's room. He was so conducted the greater portion of the way and directed as to the balance of the way. Some thirty-six feet of the passageway, which extended through a court, was along and over a porch four feet in width. Said porch and passageway was built at an elevation of some sixteen inches above the ground surface. One side of the porch abutted against the wall of the building while the other side was open and without guard-rail or any obstruction that would afford reasonable protection to persons using said porch from unwittingly walking off of the same under the darkness of night. Respondent transacted the business he had with said guest within a minute or two and started to retrace his steps along the unlighted way which he had traversed a few minutes before and in so attempting his misdirected steps led him over the edge of the porch and he fell to the ground, sustaining painful and serious injuries. Upon striking the ground respondent's left foot and ankle were thrown backward and under the body in such a position that the weight of his body was thrown thereon, causing a severe sprain and producing a partial fracture of the lower end of the fibula. X-ray plates taken some months thereafter showed that the bone had united, leaving traces of some enlargement of the bone where it overlaps the ankle joint and indications that the injured member would probably never completely regain its former flexible state. Immediately after he received said injuries respondent was taken to the emergency hospital, where he was given first aid, and on the following day he was taken to his quarters, where he was confined to his bed for a period of three months, suffering more or less pain. Thereafter, for several months, he was able to walk only with the aid of crutches. For a period of about eleven months he received no skilled medical attention and the only treatment his limb received consisted of the application of liniments, ointments, hot applications, masseur treatment and other homelike treatments. During this period he employed for a short time a Chinese herbalist, who applied poultices made from herbs to reduce the inflammation. Later he attended a clinic and was assigned to a department where he was treated for a period of two months by a physician.

■ Appellants claim that respondent did not exercise reasonable diligence in caring for his injuries and in selecting medical and surgical aid. He was told by the attendants at the emergency hospital that he had suffered a sprain of the ankle. However, he adopted the best method that could have been adopted and one that skilled physicians would have advised, according to the testimony of the physician called by appellants, which was giving the limb complete rest. The evidence of the physicians is that the fracture was only partial and did not extend the whole distance across the bone, and this being so, there was no imperative need of putting the limb in a cast. Appellants suffered no prejudice by respondent's failure to employ a surgeon at an earlier period or at all.

The court's award was for general damages only, except the small sum of seventy dollars allowed for drugs and treatment, and no compensation was charged against appellants for respondent's loss of time.

■ The only other point made by appellants is that the injury arose from a patent defect for which a guest at a hotel or his invitee is not entitled to recover. Respondent was entirely unfamiliar with the premises. The "porch," as it is referred to in the case, is actually and in fact a passageway generally used by guests and others in passing from one portion of this building to another and is equipped with electric light fixtures. It was necessary for respondent to use said passageway in visiting said guest. The sun set on February 15, 1924, at 5:40 P. M. That said passageway was not only insufficiently lighted, but that it was not lighted at all, was proved by an overwhelming preponderance of the evidence. Appellants were guilty of negligence *per se*. The act commonly known as the State Housing Act (Stats. 1923, p. 781) provides:

"Sec. 66. In every apartment house or hotel there shall be installed and kept burning from sunset to sunrise throughout the year artificial light sufficient in volume to properly illuminate every public hallway, passageway, public stairway, fire escape egress, elevator, public water closet compartment, or toilet room. The provisions of this section shall not apply to an apartment house built with not more than two apartments above the first floor thereof."

The only artificial light visible to a person on said passageway was a dim secondary light reflected from the crevices of the doorway through which he had passed in going to said guest's room and which he was attempting to reach at the time he was injured. To charge the invitee, who was totally unfamiliar with the premises, with the knowledge which the guest who resided therein possessed of said premises, would be a distortion of legal principles. Respondent's conduct in the light of the circumstances of the case cannot be said to be such a departure from the normal conduct of a person similarly situated as to impute to him contributing negligence. As a matter of fact, while contributory negligence on the part of respondent is argued to an extent, it was not made an issue in the pleadings, and if it had been, a finding against the contention would be fully supported by the evidence.

Clearly, the findings of the court on every material issue presented by the case are amply supported by the evidence.

Judgment affirmed.

Curtis, J., and Preston, J., concurred.