[S. F. No. 14533. In Bank.—August 5, 1932.]

EMMA S. TOPLEY, Appellant, v. JOHN ZEEMAN et al., Respondents.

Reisner & Deming for Appellant.

Charles W. Haswell for Respondents.

WASTE, C. J. — Plaintiff appeals from a judgment entered for the defendants pursuant to a directed verdict. The action is one for damages for personal injuries sustained by plaintiff as the result of a fall in a bathtub in a hotel operated by the defendants.

It appears from the evidence that the plaintiff had been living at the hotel for several days and had used the bathtub many times prior to the accident. She testified that as she stepped into the tub on the night of the accident "the legs spread out from under the tub and my feet slipped, and I fell back on my back on the rim of the tub". Plaintiff also testified that, as the legs of the tub spread, the front end thereof was precipitated to the floor, causing her to fall as above narrated.

The tub was installed against the wall of the bathroom and approximately five or six inches above the level of the floor. Originally it was supported by four metal legs, but it appears from the evidence, and defendants do not deny the fact, that several years prior to the accident one of the legs on the side next to the wall had been broken off and that side of the tub was thereafter supported by three blocks of wood piled one on top of the other. These blocks were not fastened together nor were they in any manner fastened to the floor. They were apparently held in place solely by the weight of the bathtub resting on them. Plaintiff's testimony discloses that prior to the accident she had seen the blocks under the tub but "didn't know what they were there for" because "they were way back, and it was dark in there. I just saw the ends of boards".

Immediately following the accident examination disclosed that the two metal legs on the front side of the tub were spread apart and broken off and the wooden blocks were displaced, causing the tub to tilt and rest on the floor.

Defendants' evidence was to the effect that the blocks had been supporting the tub for over eight years; that the bathroom and the tub had been inspected frequently by Mrs. Zeeman, one of the defendants; that at no time had she ever found the tub to be in any way defective; that the blocks at all times appeared to be firmly in place; and that when examined subsequent to the accident they were not water logged or cracked and appeared to be in good condition. However, on cross-examination, Mrs. Zeeman stated that when inspecting the bathroom prior to the accident she did not look "to see if [the blocks] had slipped" for "they always seemed in place when I went into the room".

It is the defendants' contention, in effect, that the evidence conclusively establishes that plaintiff's fall was not due

to any defective condition of the tub, but that necessarily she must have slipped as she stepped into the tub, and that in falling against the side of the tub, her weight caused the metal legs to give way and the tub to slip from the blocks. It is therefore urged that a directed verdict was not only proper but required by the evidence. We cannot accede to this reasoning. ▌ A court may direct a verdict only when, disregarding conflicting evidence and giving plaintiff's evidence all the value to which it is legally entitled, *including every legitimate inference which may be drawn therefrom,* no evidence of sufficient substantiality to support a verdict in favor of plaintiff, if given, may be found. (*Mairo* v. *Yellow Cab Co.,* 208 Cal. 350, 351 [281 Pac. 66]; *California Packing Corp.* v. *Lopez,* 207 Cal. 600, 603 [64 A. L. R. 1412, 279 Pac. 664]; *Bannister* v. *Los Angeles Ry. Corp.,* 203 Cal. 427, 429 [264 Pac. 756]; *Estate of Caspar,* 172 Cal. 147. [155 Pac. 631].)

▌ We are not prepared to say that a verdict for plaintiff based on the evidence now before us, and the inferences reasonably deducible therefrom, would have to be reversed on appeal for want of substantial evidence to support it. This being so it was error for the court below to direct a verdict for the defendants. It is entirely conceivable, and not at all an unreasonable inference to be drawn from the evidence, that the blocks supporting one side of the tub while in substantially the same position in which they had been placed some eight years previously, had nevertheless imperceptibly shifted from time to time so as to be in such a position as to be easily displaced with the application of the weight of anyone using the tub. A bathtub maintained in such condition in a hotel open to the public would undoubtedly be negligently maintained.

The above inference does not disappear from the case with Mrs. Zeeman's testimony that she had periodically inspected the bathroom, which inspection disclosed the blocks to be in place under the tub. Such evidence is not at all inconsistent with the theory that the blocks, while in place under the tub, had nevertheless shifted so as to be dangerous to anyone using the tub.

▌ Defendants contend that while an innkeeper is liable for his own wilful acts and for his negligence, he is not an insurer of the safety of the premises nor of the hotel equip-

ment, and therefore cannot be held liable for patent defects, the guest assuming such risks. (14 Cal. Jur. 325, sec. 11.) While this is undoubtedly the law, we cannot agree with the defendants that the defect involved in this case was such as to constitute a patent defect of which the plaintiff had knowledge. Her testimony, as above quoted, is clear and uncontradicted to the effect that while she was aware of the presence of certain boards under the bathtub, they were so placed in the back of the tub and against the wall, where the light was poor, as to preclude anyone from definitely ascertaining the purpose they were serving. This evidence was sufficient to require the submission to the jury of the issue of knowledge on the part of plaintiff. Her testimony in this regard finds some corroboration in the testimony of Mr. Zeeman, one of the defendants, who, though he occupied the hotel as lessor for several years prior to the accident, was unable to testify as to the number or size of the blocks that had so long supported the bathtub. His testimony tends to indicate that the blocks must have been so placed as to be substantially concealed from the view of persons using the bathroom.

For present purposes at least, defendants' theory that plaintiff must have slipped and fallen against the tub and thereby dislodged it from its position is controverted by plaintiff's uncontradicted testimony that the tub went down as she attempted to step into it and that she then for the first time slipped and fell, and solely because of the tub having become dislodged and one end thereof dropping to the floor.

We find it unnecessary to detail the evidence as to the extent of plaintiff's injuries. It is sufficient to say that she introduced some evidence as to damage, the extent thereof being a matter for the determination of the jury.

In conclusion it is our opinion that the evidence was such as to require a submission of the principal issue to the jury and, in the absence of evidence tending to show that plaintiff as matter of law was guilty of contributory negligence, it was error for the court below to direct a verdict for the defendants.

The judgment is reversed.

Curtis, J., Langdon, J., Preston, J., Shenk, J., Tyler, J., *pro tem.*, and Seawell, J., concurred.