[Civ. No. 8774. First Appellate District, Division One.—August 8, 1933.]

CARRIE MENDELSOHN, Respondent, v. WILLIAM VAN HERICK, Appellant.

614

Cooley, Crowley & Supple for Appellant.

Carey & Gorfinkel for Respondent.

KNIGHT, J.—While inspecting an apartment house nearing completion, at the invitation of the owner and in contemplation of renting an apartment therein, plaintiff fell from a stairway and was injured, as a result of which she instituted this action for damages against the owner and upon trial before the court sitting without a jury was awarded judgment for the sum of $3,500, from which the defendant has taken this appeal.

At the time the accident happened the building was ninety-five per cent finished; and the defendant owner being desirous of having the apartments rented as soon as they were ready for occupancy, for some six weeks prior to the accident had been inviting and permitting people to examine them. Signs were displayed at the front entrance reading "open for inspection" and "reservations now being made", etc.; and prior to the date on which plaintiff was injured approximately one hundred prospective tenants had visited the premises, and seven or eight apartments had been leased. Plaintiff resided with her married daughter a short distance from the apartment house and during its construction passed it frequently. About 4 o'clock in the afternoon, during the month of March, in response to a special invitation extended by the leasing manager who was present on the premises, plaintiff, accompanied by her daughter, called at the building for the purposes mentioned, entered through the main door, crossed the lobby and started to ascend the concrete stairway, which was built in three flights, winding to the left, the second and third flights being constructed at right angles with the one immediately below, with platforms at the top of the first and second flights. The right-hand side of the stairway abutted against the walls of the building, but the left side was unprotected, the balustrade not then having

been installed. The day preceding plaintiff's visit the plasterers had been at work on the walls adjacent to and the ceiling above the stairway, and the refuse left by them on the stairway had not been removed. Part of it consisted of a piece of heavy scaffolding, about six feet long, which was not attached or fastened in any manner to the stairway or the building, but which had been left standing on the stairway in a vertical position, with one end resting on the tread of the stairway about a foot from the wall and the other end against the wall; furthermore the light on the stairway which came through the main doorway was more or less obscured by boards and scaffolding which had not then been removed; and defendant's building superintendent was aware of all these existing conditions at the time plaintiff called to visit the premises. As plaintiff reached the fourth tread of the second flight of stairs she stepped on some small, hard object which she did not see, and which later proved to be a piece of plaster or cement, and she was thrown thereby against the loose timber on the stairway, which fell upon and precipitated her over the unprotected side of the stairway to the concrete floor below, a distance of eight or ten feet; and besides suffering severe contusions of the back and legs she sustained a fracture of the body of the second lumbar vertebra, which confined her to her bed for approximately five and a half months.

■ It is held generally that an invitee is entitled to assume that the premises he is invited to enter are reasonably safe for the purposes for which the invitation is extended, and that he is entitled to recover damages from the owner for personal injuries sustained as a result of the owner's failure to exercise ordinary care in maintaining the premises in a reasonably safe and suitable condition. (45 C. J. 826; Thompson on Negligence, vol. 1, p. 890; *Madigan* v. *O. A. Hale & Co.*, 90 Cal. App. 151 [265 Pac. 574]; *Brinkworth* v. *Sam Seelig Co.*, 51 Cal. App. 668 [197 Pac. 427].) ■ Here the trial court found that the accident which resulted in plaintiff's injuries was proximately caused by the failure of defendant to exercise such ordinary care and was not contributed to in any manner by any negligence on her part; and after reviewing the evidence we are satisfied that the trial court's findings are supported thereby. ■ It is true, as defendant contends, that "an invitation to use prop-

erty on which work is being done extends to the property in its then condition, and invitees using the property assume the risk of such condition" (45 C. J., p. 837); but obviously such rule does not do away with the legal duty imposed upon the owner to use ordinary care to keep the premises in a reasonably safe condition for those he has invited to come upon them.

Defendant points out that under the general rule the owner is not liable where the danger which resulted in the injury to the invitee is obviously exposed to the invitee or which would be obvious to him upon the ordinary use of his own senses (*Weddle* v. *Heath*, 211 Cal. 445 [295 Pac. 832]); and it is argued therefrom that plaintiff may not recover here because the presence of the timber on the stairway and the fact that the outer edge of the stairway was not protected by a balustrade were admittedly obvious to anyone ascending the stairway. All of this may be true, but as will be noted neither of those two elements constituted the proximate cause of plaintiff's fall. Beyond question they contributed largely to the serious injuries she sustained, because if it had not been for the presence of the timber on the stairway and the absence of a balustrade or other protection on the outer edge of the stairway she would not have fallen over the edge of the stairway to the cement floor eight or ten feet below. But the actual cause of plaintiff's fall was the piece of mortar or cement on the steps. In other words, if there had been no piece of mortar or cement on the steps she would not have fallen at all; and in this connection plaintiff testified and the trial court found that its presence on the stairs was not obvious and that as a matter of fact plaintiff did not see it before she stepped on it and fell.

Defendant contends also that in order to sustain the judgment it must appear from the evidence not only that plaintiff's fall was caused by "a hidden risk", but that the "hidden risk" was known to defendant or had existed long enough for him to have known about it. As stated in Thompson on Negligence, *supra*, the owner "of real property is under the duty of exercising reasonable or ordinary care and prudence to the end of keeping his premises safe for the benefit of those who come upon them by his invitation, express or implied; and if, through a neglect of this duty, they are, without negligence or fault of their own,

injured by reason of any negligent defect therein, he must pay damages. The person so invited to come upon the premises of the other, is entitled to assume that they will be in a reasonably safe condition." And here, as already pointed out, the building superintendent admitted· having known of the refuse left on the stairway by the plasterers, including pieces of scaffolding, and that he knew also of the absence of the balustrade. Therefore, the trial court's finding that " . . . defendant negligently and carelessly kept and maintained the main stairway of said apartment house, leading from the lobby or first floor to the second floor thereof, in an unsafe, improper and dangerous condition . . . " appears to be legally supported.

█ Defendant makes the further point that in any event plaintiff should have used the elevator instead of attempting to ascend the stairway. The answer to this point is that plaintiff was not aware that an elevator had been installed; and moreover it was not established that on this particular day the elevator was in a condition to be used by passengers.

A number of authorities have been cited by the respective parties in their briefs, but a discussion of them is unnecessary because the law of the case appears to be well settled, the question of defendant's liability resting almost entirely upon the determination of the facts; and since the trial court's findings on the vital issues are legally supported by evidence, they are controlling on the appeal.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 7, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 6, 1933.