[Civ. No. 9185.   First Appellate District, Division Two.—February 14, 1934.]

ANNA LOYKO BOGGS, Appellant, v. THE CAPWELL CENTRAL MARKET (a Corporation), Respondent.

Edward E. Craig and Earl M. Ripley for Appellant.

Brown, Ledwich & Rosson for Respondent.

SPENCE, J.—Plaintiff sued to recover damages for personal injuries. A motion for nonsuit was granted at the close of plaintiff's case and from the judgment of nonsuit plaintiff appeals.

Plaintiff, a lessee of defendant, conducted a beauty shop on the mezzanine floor above defendant's market. Said market was located on the ground floor on the corner of Telegraph Avenue and Williams Street in the city of Oakland. For the protection of customers walking upon the sidewalk in the vicinity of the market, defendant maintained what the parties term a "marquee" over the sidewalk. The marquee was constructed with a steel frame with reinforced wire mesh glass panels placed in between the steel ribs of the frame. It was located at about the same level as the floor of plaintiff's beauty shop and was supported by steel rods running back to the building above the frame at an angle of about forty-five degrees. The marquee was constructed solely for the purpose mentioned. It was not designed or used as a pedestrian way and there was no door leading to it. Access thereto could be gained from the building only through the windows which were located about twenty-seven inches above the level of the mezzanine floor.

Plaintiff had occupied the premises for many months before the accident occurred and during all of said time said marquee was in full view from the street and from the windows of plaintiff's shop. Plaintiff had had some difficulty with the representatives of defendant over certain objectionable advertising signs which she had displayed upon the building. It was subsequently agreed that she might construct a sign of a certain type and hang it on the outside of the building above the marquee. Defendant's representatives told plaintiff that defendant had a sign painter who would do this work but plaintiff engaged a sign painter of her own choosing. He made the sign and put it in place. Shortly after he had finished his work plaintiff procured a stool, placed it near the window, climbed through the window and stepped down on to one of the glass panels in the marquee. The glass panel broke and plaintiff fell to the sidewalk below sustaining her injuries.

The complaint was drawn upon the theory that plaintiff was an invitee in the use of said marquee and that

defendant failed "to have said marquee and said reinforced wire mesh glass contained in said marquee properly constructed and in a safe and sound condition" and failed to give plaintiff "any notice of a dangerous and unsafe condition of said marquee and the reinforced wire mesh glass contained in said marquee". The same theory was stated in the opening statement to the jury, but there was no testimony introduced tending in any way to support any claim of negligence in construction and no mention of that claim is made in plaintiff's briefs. We must therefore assume that said marquee was properly constructed for the purposes for which it was built and we will direct our attention to the claim relating to failure to give notice.

We will not pause to discuss the conflicting contention of the parties as to whether plaintiff was an invitee or a mere licensee in the use of the marquee. Assuming without deciding, that plaintiff was an invitee, we are nevertheless of the opinion that the motion for nonsuit was properly granted, as there was no evidence tending to show any negligence on the part of the defendant. The invitation, if any, was merely to make use of a portion of the building, not designed or used as a pedestrian way, for the purpose of erecting a sign. We fail to find any evidence tending to show that there was any duty upon defendant to give plaintiff notice of any kind. We have already indicated that there was no evidence of any faulty construction. The picture of the marquee, which was introduced in evidence, shows that it was frail in appearance and was the type of structure commonly made of metal and glass. The danger which might arise from stepping upon the glass portions thereof was an obvious danger or at least one which should have been obvious to anyone exercising ordinary care. Under these circumstances no liability can be fastened upon the defendant merely because of the alleged failure to give notice of a danger which could only result from stepping upon said glass.

Plaintiff cites and relies upon *Dobbie* v. *Pacific Gas & Electric Co.*, 95 Cal. App. 781 [273 Pac. 630], but that was a typical case involving a hidden danger. There the defendant had permitted the skylight to become covered with several inches of cinders and soot which had been discharged from its gas generators. The testimony showed

that the skylight was completely covered "giving it an appearance similar to that of the roof proper". A person may ordinarily assume that the roof of a building will bear his weight at any place but no such assumption may be indulged in with respect to a frail marquee erected solely for the purpose of sheltering pedestrians on the ground below. While there was evidence here to show that the glass in the marquee had become dirty, it is entirely apparent from the photograph in evidence that there was but a thin film of dirt which did not in any way conceal the general type of construction. It had none of the appearances of a solid roof, but clearly showed the metal ribs in the form ordinarily used to support a glass shelter. There was no claim of negligence here in permitting the thin film of dirt to accumulate upon the glass and the evidence conclusively showed that the danger of stepping upon the portion between the metal ribs should have been apparent to anyone exercising ordinary care. There was therefore no evidence of a hidden danger giving rise to any duty upon defendant to give plaintiff notice thereof. Plaintiff also cites *Mendelsohn* v. *Van Herick*, 133 Cal. App. 612 [24 Pac. (2d) 878], but that case is clearly distinguishable. It involved an injury to an invitee who was using an ordinary pedestrian way, to wit, a stairway which was not well lighted. There the injured person fell over some trash which the owner had negligently permitted to accumulate upon said stairway. Other authorities are cited, but in each of them the injury was incurred in a place ordinarily used as a pedestrian way.

The conclusion which we have reached makes it unnecessary to discuss defendant's further contention that plaintiff was guilty of contributory negligence as a matter of law.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 16, 1934, and an application by appellant to have the cause heard in the Supreme Court after judgment in the District Court of Appeal, was denied by the Supreme Court on April 13, 1934.