[Civ. No. 25800.   Second Dist., Div. One.   May 28, 1962.]

PATRICK J. MILLER, Plaintiff and Appellant, v. DESILU PRODUCTIONS, INC., Defendant and Respondent.

Murchison & Stebbins and Robert P. Stebbins for Plaintiff and Appellant.

Carol G. Wynn and Anthony M. Wynn for Defendant and Respondent.

FOURT, J.—This is an appeal from a judgment of nonsuit granted at the close of plaintiff's case in an action for damages for personal injury.

A résumé of some of the pertinent facts is as follows: the defendant leased a portion of its studio properties to Lassie Television, Inc., the employers of plaintiff. The Lassie concern sometime after the written lease was executed requested and defendant granted oral permission to Mr. Weatherwax, the owner of some dogs used by Lassie, to park his car in an area adjacent to the stage used by Lassie.

The defendant company, during the period when Weatherwax was using the particular parking space next to the Lassie stage, did some remodeling on a building close by the parking area mentioned. Certain debris and other materials from the remodeling operation were thrown and piled upon the Weatherwax parking area on Monday, July 14, 1958. The plaintiff, as well as other employees of Lassie, saw the debris, which contained used lumber or old boards with nails in them. The plaintiff handled some of such boards and saw the nails protruding therefrom. On July 15, the next day, the plaintiff again saw the debris upon the parking lot, which debris then

consisted of pieces of plaster, some small cabinets, old boards with nails in them, and other materials. The plaintiff, in testifying to what he saw on that occasion, in answer to the question, "Did you observe any nails in that lumber?" stated, "It was obvious. Yes, there were nails in it." The plaintiff later stated in effect on several occasions that he saw the protruding nails in the boards in question. Other employees of Lassie saw the same conditions. The circumstances or conditions on Wednesday, July 16, with reference to the debris material and old boards with nails protruding therefrom, were practically the same as before except that there was more of the same type of debris and boards and old nails than before.

Other coemployees of plaintiff, in expressing themselves about whether they saw the nails in the used lumber on the occasions in question, stated in effect that they had had no trouble in seeing such nails and did see them.

Request was made of different departments of the defendant on Monday, Tuesday and Wednesday (July 15, 16 and 17) to remove the debris from the Weatherwax parking lot and assurances were given that the matter would be attended to by defendant's employees. On Thursday, July 18, in spite of the assurance by the defendant that the debris would be cleared away, the plaintiff, with the assistance of another Lassie employee, commenced to clear the material from the parking lot. Plaintiff saw a cabinet which he and his coemployee prepared to remove from the pile. Plaintiff saw the debris, including the used lumber, piled around the cabinet. The plaintiff and his coemployee picked up the cabinet and started to walk with it through the lumber and the debris. Plaintiff could not see where he was stepping and after one stride stepped upon a nail which protruded through a board which apparently was under the cabinet. The nail pierced the shoe of the plaintiff and entered his foot. The resultant injury brought on this lawsuit.

At the close of plaintiff's presentation of his evidence defendant made it known that it would, after its first witness had testified, make a motion for a nonsuit. The motion was made and granted. Plaintiff sought unsuccessfully thereafter to have the court vacate its order of nonsuit. A motion for a new trial was denied.

Appellant now asserts that it was error for the court to grant the nonsuit. We find no merit to the plaintiff's assertions.

The parking lot space in question, where the episode occurred, was owned and controlled by defendant but as heretofore indicated, subsequent to the written lease between Lassie and defendant, was orally allotted to the exclusive use of Weatherwax for the parking of his car.

The respondent vigorously contends that at the most appellant was a licensee only and probably was a trespasser; therefore under the rules with reference to the liability of a licensor it is not responsible in damages for the plaintiff's injury suffered under the circumstances.

Volume 2, Witkin, Summary of California Law (7th ed. 1960) Torts, section 252, page 1448, states:

"(a) *In General.* A licensee comes on the land by *consent or permission,* but usually for *purposes of his own,* having no relation to the business of the owner or occupant. (See *Lindholm* v. *Northwestern Pac. R.R. Co.* (1926) 79 Cal.App. 34 [248 P. 1033]; *Aguilar* v. *Riverdale Coop. Creamery Assn.* (1930) 104 Cal.App. 263 [285 P. 889]; *Fraters* v. *Keeling* (1937) 20 Cal.App.2d 490 [67 P.2d 118]; *Boucher* v. *American Bridge Co.* (1950) 95 Cal.App.2d 659, 667 [213 P.2d 537]; *Allen* v. *Jim Ruby Constr. Co.* (1956) 138 Cal.App.2d 428, 431 [291 P.2d 991]; Rest., Torts §§ 330, 331.)'' (Emphasis shown.)

Continuing in section 253 of the same work it is said: "As in the case of trespassers (*supra,* § 250), where the presence of the licensee *is or should reasonably be known,* there is a duty to carry on *activities* with reasonable care. Consequently the licensee may recover for 'active negligence' or an 'overt act of negligence.' Thus, the defendant, the court said in *Oettinger* v. *Stewart* (1944) 24 Cal.2d 133, 138 [148 P.2d 19, 156 A.L.R. 1221] (disapproving earlier contrary decisions, and quoting Prosser), 'must run his train, operate his machinery, or back his truck with due regard for the possibility that the permission given may have been accepted and the guest may be present.' (See also *Lucas* v. *Walker* (1931) 22 Cal.App. 296, 301 [134 P. 374, 379]; *Yamauchi* v. *O'Neill* (1940) 38 Cal.App.2d 703, 707 [102 P.2d 365] [negligent operation of vehicle]; *Gay* v. *Cadwallader-Gibson Co.* (1939) 34 Cal.App.2d 566, 570 [93 P.2d 1051] [liable where he knows or from facts within knowledge *should* know]; *Smith* v. *Western Pac. R.R. Co.* (1940) 36 Cal.App.2d 433, 436 [97 P.2d 863] [same]; *Dunlavy* v. *Nead* (1940) 36 Cal.App.2d 478, 482 [97 P.2d 1003] [opinion of Supreme Court denying hearing: sufficient if defendant 'had reason to expect the

presence of the person injured within the range of his negligent acts']; *Newman* v. *Fox West Coast Theatres* (1948) 86 Cal.App.2d 428 [194 P.2d 706], *infra,* § 255; *Tesone* v. *Reiman* (1953) 117 Cal.App.2d 211, 214 [255 P.2d 48] [observing that where active force is involved instruction on licensee or invitee status is unnecessary and confusing]; *Laidlaw* v. *Perozzi* (1955) 130 Cal.App.2d 169, 172 [278 P.2d 523] [door negligently left with bolt drawn, plaintiff fell downstairs].)'' (Emphasis shown).

Prosser on Torts (2d ed. 1955) section 77, page 445, states:

''A licensee is a person who is privileged to enter upon the land by virtue of the possessor's consent. The possessor is under no obligation to exercise care to make the premises safe for his reception, and is under no duty toward him, except:

''a. To use reasonable care to discover him and avoid injury to him in carrying on activities upon the land.

''b. To use reasonable care to warn him of any concealed dangerous conditions or activities which are known to the possessor, or of any change in the condition of the premises which may be dangerous to him, and which he may reasonably be expected not to discover. Once the licensee in fact discovers the danger, he may not later complain of it.''

''. . . . . . . . . .

''The permission to enter carried with it no obligation to inspect the premises to discover damages which are unknown to the possessor, nor, a fortiori, to give warning or protection against conditions which are known or should be obvious to the licensee.''

The appellant argues that he was an invitee upon the premises. ▮ An invitee is defined in Prosser on Torts (2d ed. 1955), section 78, page 452, as follows:

''An invitee is a person who is invited or permitted to enter or remain on land for a purpose of the occupier. Some courts require that the business upon which he comes be pecuniary in its nature, or of some economic benefit to the possessor; others require only that it be such that there is an implied representation that care has been exercised to make the land safe for the visitor.

''The possessor is required to exercise reasonable care to warn the invitee, or to make the premises safe for him, as to dangerous conditions or activities of which the possessor knows, or those which he could discover with reasonable care. The obligation exists only while the visitor is upon the part of the premises to which his invitation extends.''

Further, the statement is made:

". . . that there is no obligation to protect the invitee against dangers which are known to him, or which are so apparent that he may reasonably be expected to discover them and be fully able to look out for himself."

Volume 2, Witkin, Summary of California Law (7th ed. 1960) Torts, section 256, page 1451, states:

"An invitee enters at the 'express or implied invitation' of the occupant, for a purpose 'of common interest or mutual benefit' to the owner or occupant and himself, or in connection with the business of the occupant."

It would appear under the circumstances that the defendant granted a license for Weatherwax to use a parking space for his particular car. (See *Emerson* v. *Bergin*, 76 Cal. 197 [18 P. 264]; *Fisher* v. *General Petroleum Corp.*, 123 Cal.App.2d 770 [267 P.2d 841]; *Thayer* v. *Brainerd* (D.C.) 47 A.2d 787.)

A license to use premises may be revoked at the pleasure of the licensor. (*Emerson* v. *Bergin*, 76 Cal. 197, 201 [18 P. 264]; *Bryant* v. *Marstelle*, 76 Cal.App.2d 740, 746 [173 P.2d 846]; 2 Witkin, Summary of Cal. Law (7th ed. 1960) § 201, p. 1036.)

Revocation may be made by implication from the acts and conduct of the licensor. (*Hihn* v. *Spreckels*, 59 Cal. 315; *County of Alameda* v. *Ross*, 32 Cal.App.2d 135 [89 P.2d 460].)

The defendant, through its employees, created the condition, namely the pile of old boards with nails protruding through them. The defendant was called upon on several occasions and requested to remove the boards with the nails in them and representatives of the defendant stated in effect that the request would be honored. It can safely be said that (in contemplation of the law) the defendant knew of the conditions which existed, even though it apparently made no independent inspection of the debris in place.

Appellant further argues at considerable length to the effect that the parking area was a commonly used walkway and was so considered. If such be the fact plaintiff was not using it as such at the time he was injured—he was, as the record indicates, attempting to clear away certain debris, although the defendant, whose duty it was to clear away the pile of material, as heretofore indicated, had stated that it would do whatever was necessary to clear the area of the debris within due time.

This case presents an excellent example of the situation

where counsel have worked hard, long and diligently to manipulate the plaintiff into a certain category for the clear purpose of attempting to bring to bear certain rules of liability as distinguished from other rules of liability. The plaintiff, as indicated, claims that he was an invitee and accordingly that he is entitled to have the case determined under the particular rules having to do with that classification or category; the defendant, as indicated, claims that the plaintiff was a trespasser but at the most he was a licensee and should come under the rules governing such classes or categories. As a consequence much of the real problem, namely whether under the circumstances there was negligence, is obscured.

The courts of this state have in the past proceeded upon the basis of the various distinctions between invitees, licensees and the graduated duties based thereon. It is of necessity extremely difficult on occasions to determine where one category shades off into the other; the borderline is frequently blurred. There is, however, in this particular case no need to get into any involved line of reasoning to place the plaintiff in one category or the other. The cause will be determined here as though the plaintiff was an invitee, the highest status contended for.

The condition of the nails protruding from the boards existed for several days as indicated, and plaintiff saw such condition on several different occasions. He himself stated that the nails sticking up through the boards were perfectly obvious. The plaintiff had at least equal knowledge of the danger involved, if not more knowledge than the defendant, because he was particularly concerned with the debris and the boards and had looked at the situation more or less carefully. There was no hidden danger. There was no misleading by the defendant as to what the circumstances were. The plaintiff was fully aware of the old boards with the protruding nails and surely he must have known that if he walked among such boards he might very well step upon a nail and that if he did so he might suffer damage as a result thereof.

In *Knight* v. *Contracting Engineers Co.*, 194 Cal.App.2d 435 [15 Cal. Rptr. 194], the plaintiff was asked about whether he knew of the condition of certain planks which were involved in an injury which he sustained and referring to the condition he answered, "It was obvious." This court said: "There is no duty to tell another that which he already knows. (*Markwell* v. *Swift & Co.*, 126 Cal.App.2d 245, 251 [272 P.2d 47];

*Neuber* v. *Royal Realty Co.*, 86 Cal.App.2d 596, 613 [195 P.2d 501] ; *Starck* v. *Pacific Elec. Ry. Co.*, 172 Cal. 277, 282 [156 P. 51, L.R.A. 1916E 58].) ''

█ The rule is stated in Restatement of Torts (1934), section 340, page 927, as follows :

''A possessor of land is not subject to liability to his licensees, whether business visitors or gratuitous licensees, for bodily harm caused to them by any dangerous condition thereon, whether natural or artificial, if they know of the condition and realize the risk involved therein.''

The California annotations to the section just quoted set forth as follows :

'' (1) If the danger is obvious, there is no liability : *Shanley* v. *American Olive Co.*, 185 Cal. 552 [197 P. 793] (1921) (bus. visitor) ; *Allred* v. *Orth,* 206 Cal. 494 [274 P. 955] (1929) (bus. visitor, *dictum*) ; *Topley* v. *Zeeman,* 216 Cal. 182 [13 P.2d 666] (1932) (bus. visitor, *dictum*) ; *Blodgett* v. *B. H. Byas Co.*, 4 Cal.2d 511 [50 P.2d 801] (1935) (bus. visitor) ; *De Motte* v. *Arkell,* 77 Cal.App. 610 [247 P. 254] (1926) (bus. visitor) ; *Ambrose* v. *Allen,* 113 Cal.App. 107 [298 P. 169] (1931) (bus. visitor) ; *Mendelsohn* v. *Van Herick,* 133 Cal.App. 612 [24 P.2d 878] (1933) (bus. visitor, *dictum*) ; *Boggs* v. *Capwell Central Market,* 136 Cal.App. 687 [29 P.2d 448] (1934) (bus. visitor or grat. licensee) ; *Chardon* v. *Alameda Park Co.*, 1 Cal.App.2d 18 [36 P.2d 136] (1934) (bus. visitor) ; *Touhy* v. *Owl Drug Co.*, 6 Cal.App.2d 64 [44 P.2d 405] (1935) (bus. visitor) ; *Osborne* v. *Imperial Irr. Dist.*, 8 Cal.App.2d 622 [47 P.2d 798] (1935) (bus. visitor). (2) Where the dangerous condition is known to plaintiff, there is no liability : *Hontz* v. *San Pedro, L. A. & S. L. Ry. Co.*, 173 Cal. 750 [161 P. 971] (1916) (switchman struck by drawbridge) ; *Weddle* v. *Heath,* 211 Cal. 445 [295 P. 832] (1931) (bus. visitor) ; *Watwood* v. *Fosdick,* 212 Cal. 84 [297 P. 881] (1931) (tenant) ; *Roberts* v. *Sierra R. Co. of California,* 14 Cal.App. 180 [111 P. 519, 527] (1910) (bus. visitor) ; *Buckingham* v. *San Joaquin Cotton Oil Co.*, 128 Cal.App. 94 [16 P.2d 807] (1932) (bus. visitor, by inference) ; *Lewis* v. *Reinberg,* 136 Cal.App. 554 [29 P.2d 439] (1934) (bus. visitor).''

█ In this case the evidence is clear and uncontradicted to the effect that the danger, such as it was, was obvious, and furthermore the danger, namely the protruding nails in the old boards, was particularly known to plaintiff.

Volume 2, Witkin, Summary of California Law (7th ed. 1960) Torts, section 262, page 1457, states the rule as follows: "(1) *No Breach of Duty.* It has been pointed out that the landowner does not necessarily have to eliminate the defective condition; he may choose to discharge his duty by giving adequate *warning* of the danger. However, if the danger is *so obvious* that a person could reasonably be expected to see it, *the condition itself serves as a warning,* and the landowner is under no further duty. Under this analysis, *the defendant is not negligent,* i.e., he has not violated any duty of care. (Rest., Torts § 340; see *Shanley* v. *American Olive Co.* (1921) 185 Cal. 552, [197 P. 793]; *Ambrose* v. *Allen* (1931) 113 Cal.App. 107 [98 P. 169]; *Royal Ins. Co.* v. *Mazzei* (1942) 50 Cal.App. 2d 549, 552 [123 P.2d 586]; *Mautino* v. *Sutter Hospital Assn.* (1931) 211 Cal. 556, 561 [296 P. 76]; *Nagle* v. *City of Long Beach* (1952) 113 Cal.App.2d 669 [248 P.2d 799] [uncompleted structure, defective ladder]; *Curland* v. *Los Angeles County Fair Assn.* (1953) 118 Cal.App.2d 691 [258 P.2d 1063] [tripped over object in plain sight]; *Delk* v. *Mobilhomes Inc.* (1953) 118 Cal.App.2d 529 [258 P.2d 75] [house to be moved, on jacks, soft wet soil]; *Mula* v. *Meyer* (1955) 132 Cal.App.2d 279, 287 [282 P.2d 107] [uncovered hole in floor of building under construction]; *Pauly* v. *King* (1955) 44 Cal.2d 649 [284 P.2d 487] [unsupported flashing obvious to plaintiff, an experienced roofer]; 65 Harv.L.Rev. 625; cf. 8 Hastings L.J. 335.)" (Emphasis shown.)

Plaintiff argues that there is no evidence in the record to the effect that he ever saw the particular board with the particular nail protruding therefrom upon which he stepped and thereby injured himself. Suffice it to say that if a man knowingly runs through a thicket of thorns and gets pricked or scratched in the process it makes little difference under the circumstances which particular thorn it was which pricked him. The plaintiff saw the boards with the protruding nails in them and apparently deliberately walked into or onto the pile of old lumber and inadvertently stepped upon one of the protruding nails.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied June 19, 1962.