REY, BY HIS NEXT FRIEND, Respondent, TONEY, Appellant.

1. An agister of cattle can not be rendered liable for the loss of a horse committed to his charge upon the mere proof of the loss of the horse; negligence must be shown.

*Appeal from St. Louis Law Commissioner's Court.*

*J. B. Goff*, for appellant.
*L. M. Shreve*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

The finding of the facts by the court in this case will not warrant the judgment rendered thereon. The following is the finding : " The court finds from the evidence that in the spring of the year 1855, the defendant was an agister of cattle near the city of St. Louis ; that the plaintiff by his agent delivered the horse mentioned and described in his petition to the defendant, to be by the defendant pastured and cared for, at the rate of two dollars per month during the time the defendant should pasture said horse ; that the plaintiff paid to the defendant two dollars at the time he delivered the horse to the defendant in advance for the first month ; that some three or four weeks afterwards the plaintiff by his same agent demanded the horse from the defendant at the place where the horse was left, but did not receive him ; that prior to the demand the horse had either been taken away by some one, or had broken out of defendant's enclosure and strayed away ; that the said horse was the property of the plaintiff, Christopher Rey, and at the time

---

* A motion for a rehearing was made in this cause, and overruled.

Rey v. Toney.

he was delivered to the defendant was of the value of one hundred and fifty dollars. The court does not find that said horse was delivered to the defendant with the express understanding, and received by the defendant with the condition, that defendant was not to be in anywise responsible for the safe keeping of said horse; nor that said defendant under a contract suffered him to feed upon the grass growing upon his land without any stipulation for care or attention on the part of defendant; nor that said horse escaped or was removed from defendant's premises without the knowledge or consent of defendant. Upon the facts as found the court declares the law to be that the plaintiff is entitled to recover, and that the measure of damages is the value of the said horse at the time he was delivered to the defendant, with interest from the time of the demand made for the same."

Now an agister of cattle is not an insurer of the safe keeping, and is answerable only in case of negligence. In the case of Broadwater v. Blot, Holt's Rep. 548, the defendant was a farmer, and had received the plaintiff's horse to agist at a stated price. The horse had strayed out of the defendant's field and was lost. Chief Justice Gibbs said: "All the defendant is obliged to observe is reasonable care. He does not insure, and is not answerable for the wantonness or mischief of others. If the horse had been taken from his premises, or had been lost by accidents, which he could not guard against, he would not be responsible. I admit that particular negligence must be proved by occasion of which the horse was lost, or gross general negligence to which the loss may be ascribed in ignorance of the special circumstance which occasioned it. If there was a want of due care and diligence generally, the defendant will be liable. The question is, were the defendant's fences in an improper state at the time the horse was taken in to agist? Did he apply such a degree of care and diligence to the custody of the horse as the plaintiff who entrusted the horse to him had a right to expect? I shall leave it to the jury." The finding is entirely silent as to the care or negligence of the defendant.

There is nothing said in regard to the very matter on which alone the defendant can be considered liable, if at all—that is, either particular negligence by which the horse was lost, or gross general negligence. The finding therefrom will not warrant the judgment, and the case must be reversed. "In all cases where the defendant is bound only to ordinary care, and is liable only for ordinary neglect, the plaintiff can not recover upon the mere proof of loss of the articles entrusted to the bailee. He must give some evidence of the want of care in the bailee or his servants." (Foot v. Stors, 2 Barb. 329.) "Deposits for hire—bailees of this class are responsible like other bailees who receive a reciprocal benefit from the bailment, for ordinary care and diligence, and are responsible only for ordinary negligence. Of this class are agisters of cattle, warehousemen, forwarding merchants, and wharfingers." (2 Story on Cont. § 742, p. 133.)

These bailees are bound only to take reasonable and ordinary care of the bailment. Unless the theft of this horse grew out of the negligence of the defendant, he is not liable; or unless he was lost to plaintiff by the want on the defendant's part of ordinary care and diligence. The finding here shows no want of care or diligence. The judgment must be reversed and the cause remanded for further proceedings in accordance with this opinion; Judge Scott concurring; Judge Leonard not sitting.