| 44 | 225 |
|-----|-----|
| 108a | 353 |

</div>

## GEORGE HALTY
### *v.*
## LUDWIG MARKEL.

1. BAILMENT — *agistment — reasonable care and diligence required.* An agistor of stock for hire is bound to exercise reasonable care and diligence, by himself and his servants, for the safety of the property committed to his charge ; and whether this has been done, is a question of fact for the jury to determine, in view of all the testimony before them.

2. SAME — *agistors of stock bound to employ careful servants — when liable for their acts.* An agistor of stock is bound to employ careful, skillful and trustworthy servants, and is liable for all injuries done by them, in the course of their employment, through negligence or carlessness; but is not liable for any malicious or willful act committed by them without his knowledge or consent.

3. INSTRUCTIONS — *need not be repeated.* This court has repeatedly held, that it is not necessary to repeat instructions to a jury. The court, having once directed the jury upon the law, may properly refuse to announce the same principles in other instructions, though couched in different language.

APPEAL from the Circuit Court of Bureau county; the Hon. G. S. ELDRIDGE, Judge, presiding.

The opinion states the case.

Mr. J. I. TAYLOR, for the appellant.

Messrs. STIPP & GIBBONS, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action originally commenced by appellee before a justice of the peace of Bureau county, against appellant, for the value of a colt killed while on the premises and in the possession of appellant. A trial was had before the justice of the peace, resulting in a judgment in favor of appellee, from which an appeal was prosecuted to the Circuit Court of Bureau county. A trial was afterward had in that court, resulting in a verdict in the same way. A motion for a new trial was entered and overruled, and a judgment rendered on the verdict. The case is brought to this court by appeal, and it is urged in favor of a reversal that the verdict is not sustained by the evidence, and that the court gave the jury improper instructions.

It appears that appellant agreed to pasture a number of colts for appellee; that at the time the agreement was made appellant said he would build a fence around the pasture, and when it was done he would let appellee know. After getting the fence partly done he told Jacob Markel that he could put

the colts in the pasture, and he would finish the fence that afternoon. Jacob Markel, appellee, and hired men put the colts in the pasture, but the fence was not completed, as agreed. One of appellee's colts was injured and died while on appellant's premises. The evidence seems to concur that the colt was killed by jumping the fence, and at a point where it was sufficient to turn any but breachy stock. It also appears that this and other colts and some calves had got out of the pasture into appellant's wheat field, and that his hired men and son were engaged in putting them back into the pasture when the injury occurred.

It is insisted that the colt was killed by the negligent manner in which it was put back into the pasture, and that appellant is rendered liable by reason of such negligence. There was evidence that the son of appellant was dogging the colt at the time. On the other hand, his hired men testify that the son was driving the calves, and some distance from the colt, and that it was not dogged; that they were turning the colts from the wheat field into the pasture; had opened the fence so the colts could pass through; that all had gone through but this one, which jumped the fence. They say they did nothing to frighten the colt. In this conflict of evidence, it was for the jury to reconcile it if they could, and if that could not be done, they were required to consider all the circumstances relating to the witnesses, and give such weight to it as they believed it was entitled to receive; to reject such as they believed to be unworthy of belief, and find their verdict on the balance.

Under this contract of bailment, appellant was bound to exercise reasonable care and diligence for the safety of the colt. Story, in his treatise on bailment, section 443, says, it has been decided that agistors of cattle are within the general rule. That they do not insure the safety of the cattle agisted, but they are merely responsible for ordinary negligence. That it will be such negligence if an agistor or his servants leaves open the gates of his fields, and the cattle, in consequence of such neglect, stray away, and are stolen; and he will be

responsible for the loss.   This, then, imposed upon appellant the duty of exercising ordinary care, by himself and his servants.   If he has failed in this, he is liable, but if not, then the loss must fall upon appellee.   And this was a question for the jury to determine in view of all the testimony before them.

The same author says, section 402, that the master is not universally liable for the misdeeds of his servants; that we must, therefore, distinguish between the acts of the servant done in his service, or in obedience, and those which are not; for in the former cases, only, is the master responsible.   That the master is not responsible for any willful or malicious injury done by his servant, without his knowledge or consent; but only for injuries done by the servant in the master's service, in the course of his employment.   The master is bound to employ skillful, careful and trustworthy servants, as he must be held liable for their careless and negligent acts.   It was, therefore, a question for the jury to determine, whether the persons performing the act were appellant's servants, engaged in the prosecution of his business; and whether the act was negligently or carelessly performed by them, or whether it was willful or malicious.   And, having determined these questions, they were then required to find their verdict according to these rules.

Were the jury, then, properly instructed as to the law of the case?   An agistor for hire is clearly bound to exercise ordinary care for the safety of stock committed to his care; and, when he undertakes to pasture such stock, unless it is otherwise understood by the parties, he should furnish reasonably good pasture.   Failing to either exercise ordinary care in maintaining reasonably good fences to keep the stock in, or to furnish such pasturage as is necessary to keep stock, would be negligence, and would render him liable for the immediate damages occasioned by stock escaping by reason of such negligence.   This is what is announced by appellee's first instruction.   Nor is any objection perceived to the second instruction. Nor do we see that the third and fourth instructions contravene the principles which we have seen should govern the case.

A careful examination of the instructions asked by appellant does not disclose the fact that they were improperly modified before they were given. When modified, they harmonized with those given for appellee. The fifth instruction asked by appellant and refused by the court asserted, that, if appellant undertook to pasture the colt for him, and promised appellee that he would put the fence around the pasture in proper repair to keep the colt within; and appellee relied upon such promise, and was induced by such promise to put his colt in the pasture; and that the want of such a repaired fence was the immediate, and not the remote, cause of the accident to the colt, — then appellant would be liable. We are unable to see, that this instruction announces any rule or principle not contained in the instructions already given. And this court has repeatedly held, that the court below is not required to repeat instructions to the jury, — that, having announced a rule to them, it need not be repeated, although stated in different language. Although this instruction may contain correct legal propositions, still they had already been announced in instructions given, and it was not error to refuse it. The judgment of the court below must be affirmed.

*Judgment affirmed.*