[Civ. No. 2989. Second Appellate District, Division One.—July 29, 1919.]

D. L. NOBLE, Respondent, v. SAMUEL MANATT, Appellant.

[1] FORCIBLE ENTRY AND DETAINER—RIGHT TO MAINTAIN AGAINST CO-TENANT—JUDGMENT.—While a joint tenant or tenant in common may maintain an action of forcible entry and detainer against a cotenant who has ejected him, his right to restitution is restricted to his right of reinstatement to the common possession only; and a judgment, the effect of which is to oust the cotenant and give the plaintiff the exclusive right to the possession of the property, is erroneous.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Reversed.

The facts are stated in the opinion of the court.

Hamilton & Lindley for Appellant.

W. R. Andrews for Respondent.

SHAW, J.—This is an appeal from a judgment in favor of plaintiff, rendered in an action of forcible entry and detainer.

The premises, the possession of which is involved in the controversy, consist of a certain lot or tract of land and the dwelling-house thereon, of which, in accordance with the allegations of the complaint, the court found plaintiff was on June 18th in the quiet and peaceable possession, and that on said date defendant, with force and violence, entered said premises by breaking open the doors to said dwelling-house and threw plaintiff's goods, clothing, and provisions into the street, and, as a conclusion of law, found that plaintiff was entitled to damages in the sum of $61.60, which was trebled, and the restitution of possession of the whole of the premises described in the complaint.

Without regard to other alleged errors, the judgment must be reversed, for the reason that these findings are wholly without support of evidence.

[1] It appears without controversy that on March 3d defendant, as owner of the property, which was then unoc-

cupied, together with plaintiff and J. H. Howell, moved into and took possession thereof under an agreement that they would occupy the same jointly, each contributing his own belongings and, in a way, sharing the living expenses, in accordance with which arrangement they lived until the acts of defendant complained of. That at most plaintiff's possession was a joint possession in conjunction with Howell and defendant, all having equal possession and right of egress and ingress to the house, to which defendant had a key, clearly appears. While a joint tenant or tenant in common may maintain an action of this character against a cotenant who has ejected him, his right to restitution is restricted to his right of reinstatement to the common possession only. (19 Cyc. 1141; *Lick* v. *O'Donnell*, 3 Cal. 59, [58 Am. Dec. 383].) The effect of the findings and judgment based thereon is to oust defendant from the property in which his right to possession is at least equal to that of plaintiff, to whom the exclusive right to the possession of the property is adjudged. "All that plaintiff was entitled to, therefore, was to be let into possession with the defendant,—to enjoy his moiety." (*Lee Chuck* v. *Quan Wo Chong & Co.*, 91 Cal. 593, [28 Pac. 45].) Our conclusion renders it unnecessary to discuss other alleged errors.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.