[Civ. No. 7182. Third Dist. Feb. 28, 1946.]

JOHN McCARGO, Respondent, v. SAM A. MATUL, Appellant.

George I. Lewis for Appellant.

No appearance for Respondent.

PEEK, J.—On April 29, 1942, respondent John McCargo leased to one William E. Dart a parcel of land in Placer County comprising approximately three acres, which was part of a tract of fifty acres owned by respondent. The leased portion consisted of virgin soil from which the trees and brush had been removed by the prior lessee. The term of the lease was two years, the consideration being merely nominal due to the fact that Dart's predecessor had paid in advance for the entire term but had been compelled to vacate possession prior to termination thereof. On March 26, 1943, Dart, with the consent of respondent, assigned all his right, title and interest in said lease and premises to appellant Sam A. Matul. Appellant went into possession and undertook to carry on the cultivation of the nursery stock then on the premises.

The lease contained the conventional covenants permitting the landlord to enter the premises at reasonable times for inspection, prohibiting waste or damage to the land, and providing for the termination of the lease and a right to compensation for damages in the event of a breach of any of the covenants or conditions thereof.

Sometime prior to the end of April, 1944, respondent became convinced that appellant was operating the premises in a careless and unworkmanlike manner, which would result in injury to the soil. However, he offered appellant a renewal of the lease at a substantial increase in the rental, and also notified appellant that, unless this were accepted, possession of the premises would be demanded by respondent, together with compensation for any damage caused to the property. Appellant refused to entertain the offer.

On June 15th, and again on July 17, 1944, respondent gave notice of default and made demand for performance of the covenants and conditions of the lease, or possession, in accordance with the applicable provisions of the Code of Civil Procedure and the terms of the lease. Upon appellant's failure to comply with said demands the present action in unlawful detainer was instituted. Respondent by his complaint claimed damages for the alleged negligent conduct in the operation of the nursery whereby the top soil of the leased premises was washed away or eroded by improper irrigation, and the fertility and vitality of the land were depleted by permitting the nursery stock to remain undug and unharvested for a period of three years. At the conclusion of the hearing the trial court gave judgment for respondent and assessed

the damages at $300. Appellant's motion for a new trial, directed largely to the amount of the award, was denied.

■ Appellant's first contention, although an attack upon the insufficiency of the evidence to support the judgment, is in effect an attack upon the admission by the court of certain testimony of neighboring farmers and nurserymen, who, appellant argues, were not experts qualified "by special knowledge, experience and skill in the science of analyzing soils and the eroding and diminution thereof." We find no merit in this contention. (Code Civ. Proc., § 1870, subd. 9; 10 Cal.Jur., pp. 978, 1025, §§ 236, 279; *Colusa etc. R. Co.* v. *Leonard,* 176 Cal. 109, 125 [167 P. 878]; *Thayer* v. *Tyler,* 169 Cal. 671, 674-675 [147 P. 979].) Such witnesses were experienced and practical farmers and nurserymen who had observed the condition of the stock and premises during appellant's tenancy, and who testified generally to the same effect in substantiating the allegations of the complaint charging waste and damage due to neglectful or unskillful husbandry.

■ The next ground on which appellant objects to the judgment, viz., that the damages awarded are excessive, is deserving of closer attention. It is difficult to determine from the record the precise basis on which the trial court predicated the figure of $300. However, before we would be warranted in saying that the award of damages was so grossly excessive as to constitute a miscarriage of justice, we would be required to determine that the conclusion which the trial court reached in this regard was wholly without support in the record. (See 8 Cal.Jur., pp. 834, 837, §§ 88, 90.) This we cannot do; for it cannot be denied that the record does disclose testimony from which it can be ascertained that respondent suffered damages in the amount found by the court. ■ When an attack is made upon a judgment as excessive, an appellate court must treat every conflict in the evidence as resolved in favor of the respondent and must give him the benefit of every inference that reasonably can be drawn in support of his claim. (8 Cal.Jur., p. 837, § 90, and cases cited.)

This conclusion likewise disposes of appellant's final argument that the findings in this regard are unsupported by the evidence.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.