[Civ. No. 16207. Second Dist., Div. One. June 15, 1948.]

ALICE BITTMAN et al., Appellants, v. MILDRED COUR-INGTON et al., Respondents.

O. B. DeCamp for Appellants.

H. Thomas Hodges for Respondents.

WHITE, J.—This is an appeal by plaintiffs from an adverse judgment entered upon the verdict of a jury in an action for damages for forcible entry and forcible detainer.

Viewing the evidence, as we must on appeal, in the light most favorable to the prevailing party, it appears that in March, 1946, defendant Mildred Courington (then Mildred Smith) purchased a house at 1318 9th Street, Santa Monica. She moved into the premises on June 21, 1946. The plaintiffs, Mrs. Bittman and Mr. Baroero, moved in with Mrs. Courington on June 24, 1946, under an agreement, as testified to by Mrs. Courington, that each of the plaintiffs would pay her $30 per month for a room; that all three would share the actual work of taking care of the house, Mr. Baroero to take care of the lawn, and that the three would share equally in the cost of food. Mrs. Courington was to pay the utilities. Defendant Mildred Courington was married to defendant C. G. Courington on October 19, 1946. Her husband maintained an apartment in Los Angeles which he shared with another man. After her marriage she did not join her husband immediately, but in January, 1947, and for several months thereafter she stayed with her husband at his apartment the greater portion of the time, returning at frequent intervals to her Santa Monica residence. When she joined her husband she took with her only items of immediate necessity, and left the remainder of her property, including books, clothing, bedding, and her dog, at the Santa Monica home. She continued to receive mail at the Santa Monica address and to pay the utility bills.

On May 10, 1947, Mr. and Mrs. Courington entered the premises for the purpose of residing there, moved in their personal belongings, and thereafter continued to reside there with plaintiffs. Plaintiffs objected to their entry. On May 16, Mrs. Courington, returning to the house at night, found that the locks had been changed, whereupon she broke a window of the rear door and entered the premises.

■ The contention that the evidence is insufficient to support the verdict cannot be sustained. The evidence, viewed most favorably to defendants, warranted the triers of fact in concluding that Mrs. Courington never abandoned her actual possession of the premises. Her temporary absence, unaccompanied by an intention to abandon, did not put an end to her possession. (22 Am.Jur. 924; *Moon* v. *Rollins,* 36 Cal. 333 [95 Am.Dec. 181].) The plaintiffs could not sustain their burden of proof unless they proved to the satisfaction of the jury that the original agreement, whereby plaintiffs became boarders or ''paying guests'' (or, at most, became joint occupants with the owner, Mrs. Courington), had been modified so as to constitute them tenants entitled to exclusive possession as against Mrs. Courington as a landlord. This they failed to do.

■ It is asserted that the court erred in instructing the jury ''that the plaintiffs, in order to recover, must show by a preponderance of the evidence that the defendant, Mildred Courington, had no right to enter upon and reside in the premises, and that the possession of the premises by the plaintiffs was exclusive of any right of possession by the defendant, Mildred Courtington''; also, that it was error to instruct the jury that the plaintiffs must show ''that they were tenants of the property with an exclusive right of possession.'' Appellants' contention in this regard is that a plaintiff is required only to show, in addition to the forcible entry, that he was peaceably in the actual possession, or at the time of the forcible detainer was an occupant entitled to possession. Conceding the abstract correctness of the rules relied upon by appellants, nevertheless the instructions here were properly directed to the basic issue tendered by the pleadings and evidence, to wit, whether the original agreement had been modified so as to put the plaintiffs in sole possession and Mrs. Courington out of possession. As hereinabove noted, under the original agreement, plaintiffs were not in exclusive possession, but held either as licensees, lodgers or guests of an owner who

was in possession, or at most were joint occupiers of the property with the owner. Under the facts, Mrs. Courington was at least in joint possession with the plaintiffs. Their action for forcible entry must therefore fail, as Mrs. Courington's entry on May 10, was not under the circumstances here present an attempt to regain possession, but an act in pursuance of her actual possession, and the alleged forcible reentry of May 16, was an act in defense of her actual possession.

Likewise, since Mrs. Courington did not oust plaintiffs, forcibly or otherwise, from whatever possession they had under the original agreement, plaintiffs could not recover for a forcible detainer. The most they were entitled to was the joint possession or occupancy they had theretofore enjoyed. (*Noble* v. *Manatt,* 42 Cal.App. 496 [183 P. 823].)

It is asserted that the court improperly defined "consideration" in its instructions to the jury. The error did not affect the substantial rights of plaintiffs. The issue as to whether the original agreement had been modified was met by a flat assertion on the one side and a flat denial on the other, the determination of which was within the province of the jury.

Finally, appellants contend that the court "should have given the jury separate instructions on' forcible entry and separate instructions on forcible detainer," but they have not included in the record on appeal the instructions, if any, offered by them and refused by the trial court. Moreover, a reading of the instructions discloses that the jury was adequately instructed on the elements of both causes of action. The asserted errors in referring to "right of possession" rather than "actual possession," could not, in view of other instructions given, have misled the jury, and in no event could it be held that the claimed errors prejudiced the substantial rights of the plaintiffs or resulted in a miscarriage of justice. (Cal. Const., art. VI, § 4½.)

The judgment is affirmed.

York, P. J., and Doran, J., concurred.