Opinion
ROBERSON, P. J.
Appellants challenge the judgment rendered against them in an unlawful detainer proceeding in which the trial court concluded they committed waste of the apartment they had leased from respondent’s *Supp. 3 predecessor in interest. (Code Civ. Proc., §§ 1161, subd. 4, 1174, subds. (a) & (b).)[1] They contend that the evidence does not support the conclusion they committed waste and that, since respondent was not a party to the lease, the trial court erred in awarding him attorney fees thereunder. The first contention is meritorious and requires reversal; consequently, we do not reach the second contention.
Discussion
The Legislature has authorized a landlord or the landlord’s successor in interest to utilize the statutory unlawful detainer proceeding to evict a tenant for committing waste of the premises. The pertinent section is section 1161, subdivision 4. “Subdivision 4 is a codification of the common law rule that a tenant must use leased property in such a way as to avoid waste. (Civ. Code, § 818; Rest.2d Property, § 12.2, subd. (1).)” (Rowe v. Wells Fargo Realty Services, Inc. (1985) 166 Cal.App.3d 310, 319 [212 Cal.Rptr. 374].)
Section 1161, subdivision 4, provides in part: “Any tenant. . . committing waste upon the demised premises, contrary to the conditions or covenants of his lease, or maintaining, committing, or permitting the maintenance or commission of a nuisance upon the demised premises . . . thereby terminates the lease, and the landlord, or his successor in estate, shall upon service of three days’ notice to quit upon the person or persons in possession, be entitled to restitution of possession of such demised premises under the provision^] of this chapter.”[2]
By the express terms of section 1161, subdivision 4, acts which legally constitute waste only amount to an unlawful detainer if such acts result in a breach of a condition or covenant of the lease. Whether the acts constitute a breach of the lease is a question of fact which, if supported by substantial evidence, will not be disturbed on appeal. (Hosea v. Brother (1945) 71 Cal.App.2d 826, 829 [163 P.2d 760].)
The trial court impliedly found the premises were unclean and unsanitary, which was a violation of a covenant in the lease. The testimony at trial (post, fn. 3) regarding the condition of the bedroom floor and walls is sufficient to support the trial court’s finding that appellants breached a covenant in the lease.
The question remains, however, whether the acts amounting to the breach legally constitute “waste” of the premises within the meaning of section *Supp. 4 1161, subdivision 4. “We must construe the ambiguous concept of “waste’ in order to avoid a forfeiture of the lease, if at all possible. (Smith v. Baker (1950) 95 Cal.App.2d 877, 883 [214 P.2d 94].)” (Rowe v. Wells Fargo Realty Services, Inc., supra, 166 Cal.App.3d at p. 320, italics added.)
In an unlawful detainer action, the burden of proving the tenant committed acts amounting to an unlawful detainer is upon the landlord. (§ 1172; Bittman v. Courington (1948) 86 Cal.App.2d 213, 215 [194 P.2d 43]; Rishwain v. Smith (1947) 77 Cal.App.2d 524, 531 [175 P.2d 555].) Where the alleged unlawful detainer is based upon a claim of waste of the premises, the landlord establishes a prima facie case by producing “ ‘ “evidence of acts which injuriously affect the market value of the property.” ’ [Citation.] Such evidence must show that the market value is substantially or permanently diminished or depreciated. (Smith v. Cap Concrete, Inc. (1982) 133 Cal.App.3d 769, 776-777 [184 Cal.Rptr. 308].)” (Rowe v. Wells Fargo Realty Services, Inc., supra, 166 Cal.App.3d at p. 319, italics added.)
Thus, proof of the amount of damage to the premises is merely a starting point. A landlord must then present evidence that this damage caused a substantial or permanent diminution in the market value of the premises. The required proof is expressly worded in the alternative. (Rowe v. Wells Fargo Realty Services, Inc., supra, 166 Cal.App.3d at p. 319.) Thus, proof of either substantial or permanent diminution in market value will suffice.
 In this case, respondent proved damage to the premises.[3]
 However, respondent then failed to introduce any evidence to support his claim that this damage substantially or permanently diminished the market value of the premises as a whole. In fact, respondent offered no evidence at all of the change, if any, in the market value of the premises.
*Supp. 5 We conclude respondent failed to establish a prima facie case of waste.[4] Consequently, the trial court erred in concluding appellants committed waste and in awarding judgment to respondent.
Disposition
The judgment is reversed. Appellants are entitled to costs on appeal.
Swearinger, J., and Johnson, J., concurred.

Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

Respondent did not seek from appellants monetary damages, only possession. Moreover, he did not seek possession based upon the theory of nuisance, only on the theory of waste.

Respondent and his neighbor viewed the bedroom through a window, at two different times. Respondent saw animal droppings over the entire floor and stains on the wall. He also believed the plaster on the wall was damaged. The neighbor, a contractor experienced in laying floors, observed the condition of the walls. He did not see the floor because it was covered with newspaper. He testified the lower portion of the walls were stained with what he believed to be urine.
The neighbor testified that, in general, wood floors stained with dog urine must be completely replaced. He testified the replacement cost for a floor the size of the one in question and the cost to repair the walls would be approximately $4,000. His opinion was based upon his past experience. The neighbor was thus competent to testify to the damage he and respondent observed. (See Evid. Code, § 813, subd. (a)(1); McCargo v. Matul (1946) 73 Cal.App.2d 349, 351 [166 P.2d 297].)

We do not imply that forfeiture of a residential lease may never be based upoti waste of the premises caused by a tenant’s pets. In this case respondent simply failed to meet his burden of proof.